**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GERARDO ZAPATA-REYES,

      Defendant-Appellant.

No. 13-8016
(D.C. No. 1:10-CR-00314-NDF-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, Circuit Judge, and **BRORBY**, Senior
Circuit Judge.

Gerardo Zapata-Reyes pleaded guilty to three counts of a five-count

superseding indictment:  Count 1, conspiracy to possess with intent to distribute, and

to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A),

and 846; Count 2, conspiracy to launder money, in violation of 18 U.S.C.

§ 1956(a)(1)(B)(1) and (h); and Count 3, carrying a firearm during and in relation to

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). After granting a stipulated motion to depart downward from the Sentencing Guidelines range, the district court sentenced him to 87 concurrent months on Counts 1 and 2 and 60 consecutive months on Count 3.

Mr. Zapata-Reyes appeals, but his appointed counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds to pursue an appeal. As required under *Anders*, counsel has filed a brief with the court "referring to anything in the record that might arguably support the appeal," *id.* at 744, and counsel has furnished a copy of the brief to Mr. Zapata-Reyes. Mr. Zapata-Reyes has filed a pro se response to the *Anders* brief, and the government has declined to file a response brief. For the following reasons, we grant the motion to withdraw and dismiss this appeal.

Our task in an *Anders* case is to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.* "Frivolous means lacking a legal basis or legal merit; not serious; not reasonably purposeful." *United States v. Lain*, 640 F.3d 1134, 1137 (10th Cir. 2011) (brackets and internal quotation marks omitted). In this case, we conduct our *Anders* examination through the lens of plain-error review because Mr. Zapata-Reyes did not raise any of his issues in the district court. *See United States v. Vonn*, 535 U.S. 55, 58-59, 62-63 (2002); *United*

*States v. Ferrel*, 603 F.3d 758, 763 (10th Cir. 2010). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Landeros-Lopez*, 615 F.3d 1260, 1263 (10th Cir. 2010) (internal quotation marks omitted).

Mr. Zapata-Reyes first argues that the district court failed to comply with Federal Rule of Criminal Procedure 11(b)(1)(H)'s requirement that the court inform a defendant of any maximum possible penalty on Count 3, the firearm charge. Specifically, he acknowledges that the district court informed him of a statutory minimum of five years' imprisonment but claims the court failed to tell him that Count 3 carried a statutory maximum sentence of life imprisonment. This argument wholly lacks legal merit. The statute of conviction on Count 3 was 18 U.S.C. § 924(c)(1)(A), which provides three different *minimum* sentences for a person who uses, carries, or possesses a firearm in connection with a crime of violence or a drug-trafficking crime: five years for use, carrying, or possession of a firearm; seven years if the firearm is brandished; and ten years if it is discharged.[1] Section

---

[1]     More fully, § 924(c)(1)(A) provides:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or

(continued)

924(c)(1)(A) does not provide any *maximum* sentence, life or otherwise.

Mr. Zapata-Reyes has not identified the source of his belief that he faced a maximum

sentence of life imprisonment nor have we uncovered any potentially applicable

maximum life sentence.[2]  Furthermore, the district court informed him that the

Guidelines range for the drug offense (Count 1) was between a mandatory minimum

120 months and 135 months, that the minimum five years on the gun offense would

be added to that, and that "there is the potential for a higher sentence if facts and

circumstances surface that encourage the Court to go above the low end

recommendation or that trigger the guidelines in a way that we don't know today."

R. Vol. 3 at 15.  Hence, we see no plain error in the fact that the district court did not

---

who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

[2]     The only reference to a life sentence in § 924 comes in subsection (c)(1)(C)(ii), which mandates a life sentence in the case of a second or subsequent conviction under § 924(c) if the firearm "is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler."  But Mr. Zapata-Reyes was not convicted under that subsection.

advise him that he faced a maximum sentence of life imprisonment on Count 3, and

we conclude that this argument is frivolous.[3]

Mr. Zapata-Reyes next contends that he did not understand the nature of

Count 3, which charged him as follows:

> From on or about November 2007, through and including on or about November 29, 2010, in the District of Wyoming, [defendant] knowingly carried a firearm during and in relation to a drug trafficking crime, to wit: conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 846, as more fully alleged in Count One of this indictment.
>
> In violation of 18 U.S.C. § 924(c)(1)(A).

Supp. R. Vol. 1 at 17. Mr. Zapata-Reyes observes that, during the plea hearing, the

district court described the predicate drug trafficking crime as "*possession* with intent

to distribute and to distribute methamphetamine," R. Vol. 3 at 22 (emphasis added),

when that charge (Count 1) was "*conspir[acy]* . . . to possess with intent to distribute,

and to distribute . . . methamphetamine," Supp. R. Vol. 1 at 16 (emphasis added). He

claims that but for this misinformation about an element of the firearms charge, he

would not have pleaded guilty to Count 3. We see no plain error. The predicate

offense was charged in part under 21 U.S.C. § 846, which provides that "[a]ny person

who attempts or conspires to commit any offense defined in this subchapter shall be

subject to the same penalties as those prescribed for the offense, the commission of

---

[3]    In a related issue raised in the *Anders* brief, counsel concedes that the district court complied with Rule 11(b)(1)(I)'s requirement to inform a defendant of "any mandatory minimum penalty." As our foregoing discussion makes clear, the district court did precisely that, so any argument to the contrary is frivolous.

which was the object of the attempt or conspiracy." Consequently, there is no meaningful distinction between conspiracy to possess and possession for purposes of Count 3's predicate drug-trafficking crime. Further, Mr. Zapata-Reyes has not taken issue with his plea of guilty to Count 1's conspiracy charge. Hence, although the district court misstated the drug charge as possession instead of conspiracy to possess, that misstatement did not affect Mr. Zapata-Reyes's "substantial rights" or "seriously affect[] the fairness, integrity, or public reputation of [his] judicial proceedings," *Landeros-Lopez*, 615 F.3d at 1263, as required under plain-error review. Accordingly, we conclude that this argument is frivolous.[4]

Mr. Zapata-Reyes's third argument is that the district court failed to establish an adequate factual basis that he knowingly carried a firearm during and in relation to a drug trafficking crime, as charged in Count 3 under § 924(c)(1)(A). He claims the court did not establish that he was engaged in a substantive drug crime while he carried the gun and that the court coerced him during the plea colloquy.[5] We disagree.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "This rule is intended to

---

[4] Counsel raises a related issue in the *Anders* brief but concedes that the district court adequately informed Mr. Zapata-Reyes of the elements of the firearm charge (Count 3) as well as the money laundering charge (Count 2). We agree and conclude that there is no nonfrivolous argument as to either charge.

[5] Counsel also raises this issue in the *Anders* brief but concedes (and we agree) that there is no nonfrivolous argument to support it.

- 6 -

ensure the accuracy of the plea through some evidence that a defendant actually committed the offense." *Landeros-Lopez*, 615 F.3d at 1263 (internal quotation marks omitted). "A firearm is carried 'during and in relation to' the underlying crime when the defendant avails himself of the weapon and the weapon plays an integral role in the underlying offense." *United States v. Brown*, 400 F.3d 1242, 1249 (10th Cir. 2005) (ellipsis, brackets, and internal quotation marks omitted). "The 'during and in relation to' standard requires the government to prove a direct nexus between the defendant's carrying of a firearm and the underlying drug crime." *Id.* "To establish this nexus, we require evidence that the defendant intended the firearm to be available for use in the offense." *Id.* Further, a firearm is carried "in relation to" a drug trafficking crime if it has at least "the potential of facilitating" such a crime. *Id.* at 1250 (internal quotation marks omitted). Section 924(c)'s "carry" provision "applies to a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies." *United States v. Lindsey*, 389 F.3d 1334, 1338 (10th Cir. 2004) (internal quotation marks omitted).

The charges brought against Mr. Zapata-Reyes arose after he was arrested in Montana during a traffic stop. In his car, police found $4,000 in cash and a gun, each wrapped in plastic, but no drugs. At the plea colloquy, Mr. Zapata-Reyes attested that when he was stopped and arrested, he was driving from Wyoming to Washington to purchase drugs with the $4,000, which were drug proceeds from similar, previous

trips that resulted in drug sales in Wyoming. He admitted he possessed the gun and put it in his car with the money before leaving on his trip, although he denied ever having brought it on previous drug trafficking trips to Washington.

This was an adequate factual basis for Count 3 because it shows that Mr. Zapata-Reyes knowingly possessed and transported the gun in his vehicle and that the gun was sufficiently connected to the drug-trafficking conspiracy that he was acting in furtherance of when he was arrested. The circumstances suggest that he "intended the firearm to be available for use in the offense," *Brown*, 400 F.3d at 1249, and that the firearm had "the potential of facilitating . . . the drug trafficking offense," *id.* at 1250 (internal quotation marks omitted). *See United States v. Winder*, 557 F.3d at 1129, 1139 (10th Cir. 2009) ("Firearms are, after all, often used by drug dealers to protect merchandise and cash, as well as to intimidate prospective purchasers."). Further, Mr. Zapata-Reyes's charge of district-court coercion is unfounded because the court merely asked him questions about the presence of the gun in the car. When that questioning began to founder, defense counsel explained that Mr. Zapata-Reyes had a hard time accepting that the presence of the gun together with the drug money was sufficient under the law for a conviction even though he did not brandish the gun or use it to threaten anyone. On further questioning by the court, Mr. Zapata-Reyes stated that he put the gun in the trunk before he started his trip and that the money was on the seat. We therefore see no plain error in the district court's development of the factual basis, and this argument is frivolous.

Finally, Mr. Zapata-Reyes contends that the superseding indictment was fatally defective as to Count 3 because of two omissions: (1) a phrase in § 924(c) describing the predicate offense as one "for which the person may be prosecuted in a court of the United States," which he characterizes as jurisdictional; and (2) the five-year minimum penalty with which the government charged him. He claims that because of these omissions, he was not given the required notice of the charge against him. He urges us to apply the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which he asserts held that all elements of § 924(c) are essential and must be on the face of the indictment. He also relies on *Hamling v. United States*, 418 U.S. 87 (1974), for the notion that "an indictment is insufficient when it fails to set forth the offense in the words of the statute," Aplt. Pro Se Br. at 16.

We first conclude that Mr. Zapata-Reyes's reliance on *Alleyne* is misplaced. *Alleyne* holds only that "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2158. Section 924(c)(1)(A)(i)'s five-year minimum does not require proof of any facts that were not asserted in the superseding indictment. Hence we see nothing inconsistent between the superseding indictment and *Alleyne*. Mr. Zapata-Reyes's argument that an element of jurisdiction was lacking in Count 3 is wholly without merit because it is indisputable that the predicate drug trafficking

- 9 -

offense charged was a crime "for which [Mr. Zapata-Reyes could] be prosecuted in a court of the United States," § 924(c)(1)(A).

We further disagree with Mr. Zapata-Reyes's reading of *Hamling* for the proposition that an indictment is insufficient if it fails to set forth the elements of an offense in the words of the relevant statute. *Hamling* actually stated that "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." 418 U.S. at 117 (internal quotation marks omitted). Plainly, under *Hamling*, the words of a statute *can be sufficient*, but their absence does not render an indictment *in*sufficient. *See United States v. Bullock*, 914 F.2d 1413, 1414 (10th Cir. 1990) (relying on *Hamling* for the proposition that "[a]n indictment . . . need not quote the statutory language to be legally sufficient").

In sum, Mr. Zapata-Reyes has not identified any plain error in the superseding indictment, and we find his arguments to be frivolous.

For the foregoing reasons, we conclude that there are no nonfrivolous grounds for appeal. We therefore grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Stephen H. Anderson
Circuit Judge


- 10 -